## ROTAN HILL v. THE STATE.

### *No. 945.   Decided May 6th, 1896.*

**1.  Bill of Exceptions—When Claimed to be Untrue—Practice.**

If counsel are not satisfied with a bill of exceptions, as approved and explained by the court, they must pursue the remedy prescribed by the statute. Rev. Stat., 1895, Arts. 1365 to 1369. Following, Exon v. State, 33 Tex. Crim. Rep., 461.

**2.  Murder—Evidence as to Defendant's Reputation while a Prisoner in Jail.**

On a trial for murder, it is not competent for the defendant to prove his general reputation either as a peaceable and law-abiding man, or that his reputation for truth and veracity was good during the time he was imprisoned in jail prior to his trial.

**3.  Same—Evidence by Sheriff as to Arrest of Defendant.**

On a trial for murder, it is competent for the sheriff to testify, that, through information obtained, he was enabled to pursue and capture defendant for the murder; and the evidence was not obnoxious to objection that it indicated that, in the opinion of the sheriff, defendant was guilty.

**4.  Same—Circumstantial Evidence—Charge.**

On a trial for murder, where the court charged the jury: "In this case the State relies for a conviction of the defendant upon circumstantial evidence alone. The court, therefore, instructs you that, to warrant a conviction of the defendant on circumstantial evidence, each fact, necessary to the conclusion sought to be established, must be proved by competent evidence beyond a reasonable doubt; all the facts (that is, the necessary facts to the conclusion) must be consistent with each

other, and with the main fact sought to be proved; and, the circumstances taken together must be of a conclusive nature, leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused and no other person committed the offense charged against him. Held: Correct. Following, Smith v. State, 35 Tex. Crim. Rep., 618.

**5.   Same—Special Instructions.**

Where the charge of the court is correct, it is not error to refuse special instructions upon the same question.

**6.   Same—Charge—Alibi.**

Where the court, in charging upon alibi, used the expression, "the defendant says he was at a different place than that of the commission of the offense," etc., objection to the words, "the defendant says," is hypercritical.

APPEAL from the District Court of Hill.    Tried below before Hon. J. M. HALL.

Appeal from a conviction for assault with intent to murder; penalty, seven years' imprisonment in the penitentiary.

Appellant was indicted for the murder of one Cain McDonald, by shooting him with a gun, on or about the 31st day of March, 1894.

The parties to the homicide were negroes.   Deceased lived near Peoria, a village in Hill Counnty.   Defendant lived some twelve or more miles from him across the Brazos River, in Bosque County.   Defendant and his wife seem to have had trouble; what kind, is not developed.   Deceased and his wife were friends of defendant's wife, and, on one occasian after a difficulty between defendant and his wife, they went in a wagon to defendant's house, and as she was returning with them to their house, defendant met them and was greatly incensed and made serious threats against deceased.   This was some time before the killing. Defendant and his wife appear to have made up this trouble and to have lived together up to a short time before the killing.   What caused a second separation is not disclosed, nor is it shown how long defendant's wife had been at the house of deceased before the killing.   On the night of the shooting deceased and defendant's wife were sitting up talking— deceased's wife having gone to bed in the same room—when a shot was fired from a shotgun from the outside, through a crack between the facing and the door. and several balls penetrated deceased's neck and head.   He was badly wounded, but lived several months.   Several physicians testified that the wounds were necessarily fatal and that they caused his death.   The evidence establishing defendant's agency in the shooting, is wholly circumstantial, but remarkably cogent and satisfactory.   The defense was an alibi.   At the trial, John Clifton, the officer who arrested defendant, was permitted to testify, over objections of defendant, that he arrested defendant upon information he had received.

The court's charge upon circumstantial evidence, which was objected to, is set out in full in the opinion.

*McKinnon & Carlton*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for seven years. Bill of exceptions No. 3, in the light of the explanation of the judge, presents no error. Counsel for appellant contend that this explanation is not true, and did not state the real facts pertaining to the matter complained of. If counsel were not satisfied with the bill as approved and explained by the court, they had their remedy, and could have pursued the course indicated in the Exon case, 33 Tex. Crim. Rep., 461. It appears from bill of exceptions No. 4 that a number of witnesses were placed upon the stand, and the appellant sought to prove by them that he had been placed in the Hill County jail shortly after the shooting, and remained in said jail for a long time—as much as twelve months; that the witnesses were acquainted with the general reputation of the defendant during his confinement in jail, as to whether he was a peaceable and law-abiding man, or a dangerous and pugnacious man, and that said general reputation was good; also, that during this time each of them were acquainted with the general reputation of the defendant for truth and veracity, and that the same was good; also, that during the time that the defendant was in jail he was a docile, obedient and submissive prisoner. To all of which counsel for the State objected, and the court sustained the objection, to which the appellant excepted, and reserved this bill of exceptions. There was no error in the action of the court in excluding this testimony. We would presume that a man locked up in the jail of Hill County would be a law-abiding man. Good policy would dictate that he be quiet and a submissive prisoner. In this place, men do not generally make reputations as peaceable and law-abiding citizens. Their situation forces them to be such. There is ample proof by other witnesses that his general reputation for truth and veracity was good, and that he was a law-abiding citizen. There is no error presented in bill of exceptions No. 5. The court sustained the objection made—that the witness suspected the defendant as the murderer of the deceased. All that remained, to which counsel now object, is that the witness stated that, through information obtained, he was enabled to pursue and capture the defendant for this murder. This conduct does not indicate the opinion of the sheriff, under the circumstances of this case, that the appellant was guilty. We are not informed whether the sheriff had a writ. If he had a writ, or, if he had been informed of the felony, and was in pursuit without a writ, it was his duty to arrest the defendant; and, if it was his duty to arrest him, certainly it was his duty to inquire from every source where he could be found, in order that he might make the arrest. The presumption of law is that the sheriff acted legally; that he had a writ, or acted in pursuance of Art. 250, Code Crim. Proc., 1895. With reference to the special charge requested by the appellant, in regard to a case of circumstantial evidence, contained in the first bill of exceptions, we are of opinion that the charge of the court, as given, contained the law, and is more favorable to the defendant than the one requested. There was no error in refus-

ing the special charge upon this subject asked by the appellant. The charge given by the court cured the defect found in Willson's Forms for such a charge. The charge is as follows: "In this case the State relies for a conviction of the defendant upon circumstantial evidence alone. The court therefore instructs you that, to warrant a conviction of the defendant on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence, beyond a reasonable doubt; all the facts (that is, necessary facts to the conclusion) must be consistent with each other, and with the main fact sought to be proved; and the circumstances, taken together, must be of a conclusive nature, leading, on the whole, to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty that the accused, and no other person, committed the offense charged against him." We call special attention to this clause of the charge: "And no other person committed the offense charged against him." This charge is in harmony with the opinion on motion for rehearing in the case of Smith v. State, 35 Tex. Crim. Rep., 618. Counsel for appellant requested the court to instruct the jury "that, in order to justify the inference of legal guilt from circumstantial evidence, the existence of inculpatory facts must be absolutely incompatible with the innocence of the accused," etc. We have before stated that the charge of the court was correct upon this subject of circumstantial evidence. In motion for a new trial counsel for appellant contend that the court erred in its charge in regard to an alibi. The objection to the charge is that the court uses this language: "The defendant says he was at a different place than that of the commission of the offense," etc. There was no objection made to the substance of the charge, but counsel complain because the court told the jury "that the defendant says,' etc. We think this contention hypercritical. We are of opinion that the testimony in the case supports the verdict of the jury, and the judgment is affirmed.

*Affirmed.*