WILL MASON v. THE STATE.

No. 2790.   Decided January 21, 1914.

**1.—Murder—Charge of Court—Manslaughter.**

Where, upon trial of murder, the court's charge in his definition of murder excluded the fact that if the facts and circumstances reduced the offense to manslaughter, it would not be murder, the same was reversible error, the issue of manslaughter being presented by the evidence.

**2.—Same—Provoking Difficulty—Self-defense—Charge of Court.**

Where the State's theory made a case of murder, and the defendant claimed self-defense and himself introduced testimony which would show a provocation and renewal of the difficulty, there was no error in the court's charge in submitting to the jury the question of provoking the difficulty.

**3.—Same—Peaceful Mission—Charge of Court—Self-defense.**

Where, upon trial of murder, the charge of the court on self-defense abridged this right by requiring the jury to find as an affirmative fact that defendant approached deceased with the intention and purpose of adjusting their differences in a peaceable and friendly manner, the same was reversible error.

**4.—Same—Abandonment of Difficulty—Burden.**

Where the court's charge put the burden on defendant to show that the passion engendered by the encounter continued, before the jury would be authorized to find him guilty of manslaughter, the same was reversible error under

the evidence that defendant continued to shoot after deceased abandoned the difficulty.

Appeal from the District Court of Johnson. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*F. E. Johnson* and *R. S. Phillips,* for appellant.—On question of provoking the difficulty: Sprinkle v. State, 49 Texas Crim. Rep., 224; Wilson v. State, 46 id., 523; Smith v. State, 48 id., 203; Williams v. State, 44 id., 115; Airhart v. State, 40 id., 470; Morrison v. State, 37 id., 601; Winters v. State, 37 id., 582.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of murder and his punishment assessed at five years confinement in the State penitentiary.

The court's charge in this case is severely criticized in the motion for a new trial. In the first place the court in defining murder said: "Murder is distinguishable from every other species of homicide by the absence of circumstances which reduce the offense to negligent homicide or which excuse or justify the homicide." This definition is not the law where the issue of manslaughter is presented by the testimony. In this case the court recognized that the issue of manslaughter was in the case, and correctly so, by later submitting that offense to the jury, and the court erred in this definition of murder in excluding the fact that if the facts and circumstances reduced the offense to manslaughter, it would not be murder.

The court submitted the issue of provoking the difficulty and imperfect self-defense. Appellant contends those issues were not in the case, but we can not sustain this contention. The evidence for the State would show that appellant and deceased had a difficulty in the field; that appellant returned to his home, armed himself, returned to the field and approached deceased; deceased, who was picking cotton, raised up, started to take off his cotton sack, when appellant fired the first shot; deceased turned and ran, when appellant continued to shoot, taking the pistol in both hands. This, it is true, would not present the issue of manslaughter, nor provoking the difficulty, but would be murder. However, appellant testified to a difficulty on the Friday night previously; that on the day of the difficulty deceased approached, and caught hold of him and said, "G—d d—n, if you have anything to say, say it now," picked up a rock and said, "you s—n of a b—h, I will fix you"; that he caught hold of deceased and tried to keep him from hitting him with a rock; that Mr. Bone came and separated them, and as he, appellant, turned to leave, deceased remarked, "You G—d d—n s—n of a b—h, I

will get you before night"; that he went on off and got his coat where he had left it in the field. That the pistol was in his coat all the time; that after he thought over the matter he decided to go and talk to deceased and try to straighten up the differences between them, and avoid any further trouble. That he approached deceased with that end in view, and as he got close to deceased he remarked, "Well, Jacky, it seems that you still want to have trouble, and make trouble," when deceased pulled off his sack, reached down to get a rock, and said "you G—d d—n s—n of a b—h," and as he raised up with the rock in his hand, he, appellant, fired, and continued to shoot until he fired four shots. There is testimony supporting both the State's and appellant's contention, and some testimony that would authorize the jury to believe that appellant went back there and made the remark, he says he did, to provoke a renewal of the difficulty. Under such circumstances there was no error in submitting that issue to the jury, nor in instructing the jury that if he went there, and by his acts and conduct, provoked the difficulty, yet he did not do so with any intent to kill, and he was not justified in killing, under such circumstances he would be guilty of no higher grade of offense than manslaughter. But appellant complains of the charge as given, that it placed the burden on appellant to prove that he went on a peaceful mission, and this criticism is well founded. The court required the jury to find as an affirmative fact that "he approached deceased with the intention and purpose of adjusting their differences in a peaceable and friendly manner," and if the jury did not so find his right of self-defense would be abridged. Thus, as in all other issues in a criminal case, the burden was upon the State to show that was not his mission, to the satisfaction of the jury, and not upon him to show that it was his mission. Under our law the presumption always favors the defendant, and if under the testimony, the jury had a reasonable doubt that this may have been true, his right of self-defense would not be abridged.

The issue was in the case that deceased abandoned the difficulty and fled after the first shot, when defendant took his pistol in both hands and continued to shoot, and these latter shots were the fatal shots. In submitting this issue the court put the burden on defendant to show that the passion engendered by the encounter continued, before the jury would be authorized to find him guilty of manslaughter. This should not have been done. If defendant was justified in firing the first shot, he was justified in continuing to shoot as long as he believed his life was in danger; if he continued to shoot after it was apparent all danger to him had ended, and under the influence of the passion aroused by the difficulty, *or if the jury had a reasonable doubt of that fact,* he would be guilty of no higher grade of offense than manslaughter.

We do not deem it necessary to discuss the other criticisms of the charge, but on account of the above errors the cause is reversed and remanded.

*Reversed and remanded.*