JOHN HOLDER v. THE STATE.

No. 4396.    Decided March 21, 1917.

Rehearing denied April 18, 1917.

**1.—Murder—Jury and Jury Law—Original Papers—Practice.**

Upon trial of murder and a conviction of manslaughter, there was no error in permitting the jury to take with them in their retirement, when the case was submitted to them, the written confession of defendant which had been introduced in evidence without objection. Following Ferguson v. State, 61 Texas Crim. Rep., 152.

**2.—Same—Rule Stated—Papers and Documents—Jury and Jury Law.**

It is now the general doctrine that all papers and documents given in evidence, with the exception in some jurisdictions of depositions, may properly be allowed to go to the jury.

**3.—Same—Evidence—Opinion Testimony.**

Where, upon trial of murder, there was an issue as to whether the deceased had fired more than one shot at the time of the homicide, there was no error in permitting the State to permit a witness who had qualified himself as being familiar with pistols, etc., to testify that the pistol exhibited at the trial and in possession of the deceased at the time of the himicide had only been fired once. Following Fay v. State, 52 Texas Crim. Rep., 185, and other cases.

**4.—Same—Evidence—Rule Stated—Opinion by Witness.**

The rule is that a witness must have some special practical knowledge of the subject in order to enable his court to determine his competency, and the determination of this question is largely in the discretion of the trial court, and unless said discretion is abused, the ruling will not be disturbed. Following Bratt v. State, 38 Texas Crim. Rep., 121. But where a person shows himself totally disqualified, his testimony should be excluded. Following Dane v. State, 36 Texas Crim. Rep., 84.

**5.—Same—Evidence—Opinion of Witness.**

Where the defendant offered a witness on the question as to whether the pistol of deceased had been fired more than once, but it developed on the examination of the witness by the court that the witness had never seen the pistol in question until he was put on the witness stand, and that he then said that he knew about as much as the average man that uses a gun very much, this did not qualify him to express an opinion as a witness that said pistol had been fired more than once; besides, another witness had testified to said fact. Following Hill v. State, 37 Texas Crim. Rep., 415, and other cases.

**6.—Same—Provoking Difficulty—Charge of Court.**

Where, upon trial of murder, the circumstances in evidence were such that the issue of provoking the difficulty was thereby raised, there was no error in the court's submitting a charge thereon. Following Mason v. State, 72 Texas Crim. Rep., 501. Besides, there was no exception to the charge of the court at the time. Following Gray v. State, 77 Texas Crim. Rep., 221, and other cases.

**7.—Same—Evidence—Opinion of Witness—Rehearing.**

Where appellant insisted that there was error in the failure of the trial court to permit his witness to testify as an expert that the pistol in question had been fired more than once, but it appeared from the record that it was not shown that the knowledge of the witness with reference to this matter qualified him to express an opinion thereupon, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted for the murder of Hubert Jenkins, convicted of manslaughter and his punishment assessed at confinement in the State penitentiary for a term of five years.

The court charged the jury on the law of murder, manslaughter, self-defense and threats, and in connection with the law of self-defense charged on provoking the difficulty.

Complaint is made in the first bill of exceptions of the action of the court in permitting the jury to take with them in their retirement when the case was submitted to them the written confession of appellant. The confession was duly signed and sworn to and introduced in evidence without any objection. The substance of the complaint is that the jury had not called for the confession and that appellant had testified to other facts concerning the homicide, and claimed that at the time he signed the written confession he had made other statements with reference to the homicide which were not contained in the confession and which other statements were beneficial to him, and that the fact that the written confession was given to the jury and that the jury did not have in connection with it the other verbal statements or facts which appellant claimed were stated by him, gave undue prominence to the confession and was by reason thereof calculated to prejudice his case. The written statement admitted that appellant had killed the deceased and stated facts raising an issue of self-defense. The appellant's testimony on his trial was not in denial of making the statement or signing or swearing to it, but he testified that on the day prior to the homicide the deceased had cursed him and threatened him.

Article 751, C. C. P., states: "The jury may take with them, on retiring to consider their verdict, all the original papers in the cause, and any papers used as evidence."

This statute has been construed in the cases of Ferguson v. State, 61 Texas Crim. Rep., 152, and Webb v. State, 69 Texas Crim. Rep., 413, 154 S. W. Rep., 1013, and other cases mentioned in Vernon's Ann. C. C. P., p. 566, and in White's Ann. C. C. P., sec. 873, and has been

held to entitle the jury to take with them all writings and documents introduced in evidence. In the case of Chalk v. State, 35 Texas Crim. Rep., 116, it was held that they might take the clothes of deceased where they had been introduced in evidence, and in Haas v. State, 36 Texas Crim. Rep., 384, it was held that they might take a magnifying glass for the purpose of examining papers submitted in evidence. It has been held in Wragg v. State, 65 Texas Crim. Rep., 131, 145 S. W. Rep., 342, that there was no error in failure to deliver written evidence to the jury in the absence of a request by them for it, but neither the statute nor decisions prohibit the court from giving the papers intro-duced in evidence to the jury in the absence of a request from them. In fact, the statute is but declaratory of a right the court could have exercised in the absence of the statute. The text in the Enc. of Pl. & Pr., vol. 12, p. 591, states that: "It is now the general doctrine that all papers and documents given in evidence, with the exception in some jurisdictions of depositions, may properly be allowed to go to the jury." There was in our opinion no error in delivering the written statement signed by appellant to the jury after it had been introduced in evidence.

In his second bill of exceptions appellant complains of the action of the trial court in permitting a witness to testify that a pistol exhibited at the trial, which was shown to have been in the possession of deceased at the time of the homicide, had been fired only one time in his opinion; that is, only one shot. There was an issue developed by the evidence as to whether the deceased had fired more than once at the time of the homicide. The State's theory was that he had fired only once and that after he had been shot by the appellant. Appellant's theory and testimony was that the deceased had fired at him a number of times, emptying his gun and reloading it, and that the deceased fired at him twice before he fired at all. The witness who gave this opinion testi-mony had been a deputy sheriff for about eight years and was at the time of the trial, had been familiar with pistols, their use and condi-tion during that time, claimed to have made a study of them for the past eight years, and that he could tell by an examination of the pistol how often it had been fired. The objection was based upon the con-tention that the matter was not the subject of expert testimony and that the witness was not qualified to give an opinion.

Testimony of this character coming from one whose experience in handling firearms gives him a special knowledge of the subject has often been held admissible. Fay v. State, 52 Texas Crim. Rep., 185; Roquemore v. State, 59 Texas Crim. Rep., 568, 129 S. W. Rep., 1120; Cabrera v. State, 56 Texas Crim. Rep., 141; Pierson v. State, 56 Texas Crim. Rep., 607; Pemberton v. State, 55 Texas Crim. Rep., 464, 117 S. W. Rep., 837; Myers v. State, 14 Texas Crim. App., 35; Modern Law of Ev., sec. 1990, and cases cited in the note; Bearden v. State, 44 Texas Crim. Rep., 578; Head v. State, 40 Texas Crim. Rep., 265.

On the question of the complaint that the witness did not show him-

self qualified to give the testimony the rule is that a witness must have some special practical knowledge of the subject in order to enable the court to determine his competency, and the determination of this question is largely in the discretion of the trial court. Wharton's Crim. Ev., secs. 408-409, and cases cited in notes. 1 Wigmore on Ev., sec. 561, in treating the subject, says: "In most jurisdictions it is repeatedly declared that the decision upon the exceptional qualification of witnesses should be left to the determination of the trial court," with the conclusion that it is only in cases where this judicial discretion has been abused that the trial court's decision will be disturbed. In Bratt v. State, 38 Texas Crim. Rep., 121, the rule as approved by this court is stated as follows: "As a general proposition the qualification of a witness to testify as an expert is a question for the trial court, whose decision is generally not reviewable on appeal." The question was discussed by this court in the case of Dane v. State, 36 Texas Crim. Rep., 84, where the court says: "It is hard to lay down any rule as to who may or may not be qualified to testify as an expert, but it would appear that where a person shows himself totally disqualified as an expert to give an opinion upon a matter, his testimony should be excluded."

In view of these authorities we can not say the court committed error in permitting the witness to give the testimony complained of.

In another bill of exceptions appellant complains of the exclusion of the proffered testimony of the witness who would have given an opinion contrary to that of the expert witness above discussed. The bill, in giving the theory of the State and appellant as indicated above, states that the State in support of its theory introduced the pistol in evidence that the deceased had at the time, which was practically a new gun; that it showed one empty chamber; that the chamber shown to be empty showed a little canker near said chamber; that the State had also introduced the witness Tom Padgett, who testified as an expert over appellant's objection that the same pistol had been fired only one time.

The court qualified the bill, stating in substance that the State's expert, Padgett, whose testimony was admitted, had testified that he saw the pistol near the homicide shortly after it was fired and that he testified to the condition of the pistol cylinder at or near the time of the homicide or near the time of the homicide as well as its condition at the trial, and further, that he had during his eight years' service as deputy sheriff examined pistols that had been fired in order to see the effect as compared with a barrel that had not been fired; that the witness Pierce, whose testimony was offered by the defendant, had never seen the pistol in question until he was put on the witness stand on the trial of the case and that he then said that he knew about as much as the average man that uses a gun very much; and that in consequence of these facts the court did not regard him as qualified to give an opinion relative to whether the pistol had been fired more than once at the time of the homicide.

The bill of exceptions having been accepted with this qualification, this court, under the authority of Hill v. State, 37 Texas Crim. Rep., 415; Briscoe v. State, 37 Texas Crim. Rep., 464; Collins v. State, 77 Texas Crim. Rep., 156, 178 S. W. Rep., 345; Galen v. State, 76 Texas Crim. Rep., 619, 177 S. W. Rep., 124, and numerous other decisions of this court cited under subdiv. 35, at p. 556, Vernon's Ann. C. C. P., must test the question by the conditions and facts stated in the court's explanation to the bill, and tested by these, under the authorities cited above holding that the court's ruling upon the qualification of an expert witness will only be reviewed when it appears that his discretion has been abused, we must hold that the bill shows no error.

The court also in his qualification refers to the fact that another witness for the defendant, Yates, whose testimony put him substantially in the same position with reference to knowledge of the condition of the pistol in question shortly after the homicide and who testified to knowledge of firearms, gave his opinion that the pistol had been fired more than once.

Complaint is made in the motion for new trial of the fact that the trial court charged the jury on the law of provoking the difficulty, the appellant's contention being that there being no evidence raising that issue, there was fundamental error in submitting it.

The question of provoking the difficulty is one that always depends upon the peculiar facts of the case in hand, and the question as to when the facts and circumstances do authorize the court to embody it in his charge has given much difficulty as is apparent from the numerous decisions discussing the subject cited in Mr. Branch's Ann. P. C., sec. 1955, p. 1095. In this case there was evidence that the appellant was aware of the fact that deceased would be at the place of the homicide about the time that it occurred; that he anticipated trouble with the deceased, went armed to the place where the deceased was killed and stationed his brother, also armed, at the place where the deceased was killed. In Mr. Branch's Ann. P. C., sec. 1954, there are many decisions of this State dealing with the circumstances under which this issue may properly be submitted and supporting the proposition there laid down that while the defendant must have said or done something at the time of the homicide to provoke the deceased to attack him so as to have a pretext for killing him, yet prior acts will be looked to to give character to what appellant said or did at the time of the homicide so as to determine his intent and to explain his words and acts. McGrcw v. State, 49 S. W. Rep., 226; Mason v. State, 72 Texas Crim. Rep., 501, 163 S. W. Rep., 66.

If there had been an exception to the action of the court in submitting the issue we would feel it our duty to go into the facts fully and determine the question as to whether they did justify its submission. The case was tried by both the State and the appellant upon the theory that the issue of provoking the difficulty was raised. The court exhibited his charge submitting that issue to the appellant's counsel be-

fore it was read to the jury. It was not complained of then. The Acts of the Thirty-third Legislature, ch. 138, required the appellant to call the trial court's attention to the fact that he contended that the issue was not raised. Under the construction of that Act, in Wright v. State, 73 Texas Crim. Rep., 178; Davis v. State, 73 Texas Crim. Rep., 49; Seichs v. State, 173 S. W. Rep., 793; Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W. Rep., 52; Gray v. State, 77 Texas Crim. Rep., 221, 178 S. W. Rep., 337, and other cases cited in Vernon's Ann. C. C. P., p. 525, we do not feel authorized to review the question, nor can we hold that the record shows fundamental error. White v. State, 52 Texas Crim. Rep., 193; Vernon's Ann. C. C. P., art. 743.

The judgment of the lower court is affirmed.

*Affirmed.*

### ON REHEARING.

### April 18, 1917.

MORROW, JUDGE.—Appellant insists that there was error in the failure to permit the witness Price to testify as an expert. This assignment of error was carefully considered and overruled because, in our opinion, it did not appear from the bill of exceptions as qualified that there was any abuse by the trial court of the discretion vested in him by law to determine the qualification of a witness offered as an expert. The bill as prepared by appellant's counsel shows that the witness if permitted would have testified that in his opinion the pistol in question had been fired a number of times; that the small canker was caused from the leaving of the brass cartridge in the gun; that if a gun is fired all around, emptied, reloaded and then fired again, that is, only one chamber fired again and the brass hull allowed to remain in same, it would cause a canker, whereas placing cartridges in the chambers that had been fired, the tallow on them would absorb the salt petre and thereby the other chambers would not canker. The holding that the bill did not show error was based upon the view that it was not shown the necessary predicate was laid as to the knowledge of the witness to qualify him as an expert upon the subject. We take the following from the trial judge's qualification of the bill: "The question was then asked the witness if he had had occasion to notice the effect of firing a gun and I told the attorneys: 'I want you to get down to the physical facts, if he has any, as well as the knowledge of a gun, and find if he knows any more about guns than that.' His answer was: 'I know about as much as the average man that uses a gun very much.' I then stated that if that was true the jury would know as much about it as the witness. There was no attempt to show that this witness ever had examined the only point upon which an expert could be used, that is, that he had examined pistols often to find whether they had been recently or lately fired. His being an expert on any other point, even though he was the finest shot in the world, would be of no benefit on the point that was under examination." Our judgment is that under

the authorities cited in the original opinion this assignment of error as well as the others contained in the motion for rehearing were properly overruled.

It is, therefore, ordered that the motion for rehearing be overruled.

                                                                *Overruled.*