## FERD ROBERTS v. THE STATE.

### No. 681. Decided June 15, 1910.

### Rehearing Granted and Case Affirmed October 19, 1910.

**1.—Carrying Pistol—Recognizance—Misdemeanor—Practice on Appeal.**

Where, upon appeal from unlawfully carrying a pistol, the recognizance failed to recite that the appellant was convicted of a misdemeanor but simply stated that he was convicted for carrying a pistol, the same was insufficient; but inasmuch as the appellant filed a new recognizance in accordance with law, the appeal is reinstated.

**2.—Same—Charge of Court—Repairing Pistol.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant went to a certain house to get his pistol and claimed that he was carrying it to the repair shop, and that thereafter he turned aside from his journey and went to a private residence and exhibited his pistol, and the court submitted this issue in a proper charge to the jury, there was no error in refusing a similar requested instruction, and the conviction will not be disturbed.

**3.—Same—Argument of Counsel—Response to Defendant's Counsel.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, the bill of exceptions as accepted by the appellant showed that the remarks of the

State's counsel were in reply to appellant's suggestion that the State had not brought witnesses to impeach his character, there was no reversible error.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the alleged pistol was out of repair and defendant was taking it to a blacksmith for repair, which he had a right to do, but violated the law by entering the private premises of other people and there displaying his pistol, the conviction was sustained.

Appeal from the County Court of Rusk. Tried below before the Hon. S. J. Hendrick.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*J. W. McDavid* and *Jas. Y. Gray,* for appellant.—On question of refusal of defendant's special instructions: Ratigan v. State, 33 Texas Crim. Rep., 301; Campbell v. State, 28 Texas Crim. App., 44; Foster v. State, 28 Texas Crim. Rep., 45, 11 S. W. Rep., 832.

On question of State counsel's argument: Jenkins v. State, 49 Texas Crim. Rep., 457, 93 S. W. Rep., 726; Benson v. State, 56 Texas Crim. Rep., 52, 118 S. W. Rep., 1049; Powell v. State, 70 S. W. Rep., 218; Rutherford v. State, 67 S. W. Rep., 100; Baughman v. State, 49 Texas Crim. Rep., 33, 90 S. W. Rep., 166; Coleman v. State, 49 Texas Crim. Rep., 82, 90 S. W. Rep., 499; Smith v. State, 44 Texas Crim. Rep., 137, 68 S. W. Rep., 995.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the pistol law. The Assistant Attorney-General files motion to dismiss the appeal for want of a legal and sufficient recognizance. It recites that the defendant has been convicted in this cause "for carrying a pistol and his punishment assessed at a fine of $100, as more fully appears by the judgment of conviction duly entered," etc. It is urged that the recognizance is insufficient because it does not recite, as required in the form prescribed by the Legislature, that appellant was "convicted of a misdemeanor." We find the recognizance is deficient in the respect mentioned; and it is further to be noted that the offense stated in the recognizance is "for carrying a pistol." This does not constitute a violation of the law as has been held in many cases heretofore decided by this court. A party must carry a pistol on his person, or about his person, or in some other manner prohibited by the statute. The mere statement that the accused carried a pistol does not constitute an offense.

The motion of the Assistant Attorney-General is sustained, and the appeal is dismissed.

*Dismissed.*

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for unlawfully carrying a pistol on and about his person. During the last term of this court the appeal herein was dismissed for want of a sufficient recognizance. In compliance with the statute appellant has filed a sufficient recognizance with the request that the case be reinstated upon the docket and tried upon its merits. We find the recognizance in accordance with the terms of the statute. The case is, therefore, reinstated to be tried upon the record.

An inspection of the statement of facts discloses that appellant, during the Christmas holidays, called by the house of some negroes who were drinking. One of them, Sweety Wasson, was drinking, cursing and creating a disturbance at the house of the witness, Tiny Wasson. Appellant and another boy came into the yard where the negroes were, and appellant had with him and pulled a pistol from his pocket and began waving it and drew it on the witness, Tiny Wasson, informing her at the time that she could not impose on Sweety Wasson. Will Sanders was in the house, and this witness called upon him to take the pistol from the defendant before he hurt somebody, which he did. The pistol was loaded, containing one ball. When her husband returned she told him to take the pistol and shoot it off, which he did. She says that Sweety Wasson was drunk, and she was unfastening her clothes so as to pour cold water on her for the purpose of getting her sober, and that when she was able to go appellant and Annie Burnett took her away from the premises. She further testified that Sweety Wasson was the sister of her husband, whose name was Johnnie Wasson; that defendant had his pistol out and was interfering with the witness; that Sweety told him to go to his own color, and said she was with her own color. Will Sanders testified he was present on the occasion when defendant and another boy came with him where they were and both were drinking; that he was sitting in the house; that Tiny Wasson called upon him to take the pistol from appellant before he hurt someone; that he went out and saw appellant with the pistol in his hand, and took it away from him and a few moments afterwards returned it. Johnnie Wasson, husband of the first witness, testified that when he returned home his wife told him of the occurrence, and that Will Sanders had taken the pistol from the defendant; that it was loaded, and she wanted him to shoot it off; that she was afraid some of the children would get hurt; that the trigger and handle were rusty and hard to pull back, but that the pistol would shoot all right; that he shot one ball out of the pistol; that the pistol might have been in bad shape, as it seemed to be rusty, but that he fired the pistol as his wife told him to do; that the hammer would stand all right when pulled back and cocked; that there was nothing the matter with it, and in fact he could see nothing wrong with the pistol except the

fact that it was hard to unbreech. The above is, in substance, the State's case.

Appellant introduced evidence to the effect that Sam Wasson, a white man, had borrowed his pistol in the year 1908 before this trouble occurred, Christmas, 1909; that the deceased Wasson had given to the negroes in the community some land upon which to build a schoolhouse, with the understanding that if it was abandoned for such purpose it was to revert to him, together with the improvements; that it was abandoned and he moved upon the premises; that he had living on the place as his servant Kate Morris; that Wasson had seen appellant in the town of Henderson and talked with him about the anticipated trouble with these negroes in regard to the schoolhouse, and appellant had agreed to lend him his pistol to take to his home for protection, and that he had sent the woman, Kate Morris, after the pistol, who had gotten it and carried it to Wasson. That it remained there until the morning when he was seen with it at the house of Johnnie and Tiny Wasson. That he had seen Kate Morris in regard to the matter and told her he wanted to get the pistol and take it to town and have it repaired, as it was out of condition. That on this particular morning he went by the premises, got the pistol and started to the town of Henderson, which was a distance of about seven miles. Passing near where these negroes were drinking he heard the confusion and noise and went into the yard; that he was drinking, otherwise he would not have gone. That his companion was also drinking. He does not directly deny having waved the pistol, as testified by the witness, but said he had it in his jumper pocket, and it was seen there by these witnesses, and that Will Sanders took the pistol. That he did not take Sweety Wasson away from the place of disturbance. He also introduced evidence through himself and other witnesses of the fact that he was en route to the town of Henderson, and was carrying the pistol as he says for the purpose of having it repaired; that it was rusty and would not shoot. The State introduced evidence in rebuttal by two officers, Pool and Hale, to the effect that Pool got the pistol and turned it over to Hale, the sheriff. Hale testified the pistol was rusty and hard to unbreech, but otherwise it was in shooting condition; that the hammer would stand when cocked, and that it was in shooting condition. This is a sufficient statement of the facts to bring in review the questions raised.

1. The court charged the jury in regard to appellant's defensive matter as follows: "You are further instructed as the law of this case, that if the defendant had loaned his pistol to old man Wasson and the pistol was at the house of Wasson, that the defendant, Ferd Roberts, would have the right under the law of this State to go to the former home of Wasson, now Kate Morris' home, get his pistol and take the said pistol to Henderson to have the same repaired, and

in so doing defendant would not violate the law, and if you so be-
lieve you will find defendant not guilty.

"You are further instructed that under our laws the defendant
would not have the right or authority to stop at a private house and
display his pistol and have it in his hands and have the pistol taken
from his person and leave the same at the private house where he
stopped and displayed said pistol and then proceed on his way to
Henderson without said pistol. He, the defendant, would not be
protected or excused under our laws for carrying a pistol to the
shop or town to have same repaired."

Appellant excepted to this charge on the ground that said charge
"does not embrace the law governing this case and is altogether an
innovation on modern jurisprudence," and then requested the follow-
ing special charge:

"You are further instructed herein as the law of this case that
if you believe from the testimony in this case that the defendant
owned the pistol mentioned in this case, and you further believe
from the evidence that the witness, Kate Morris, procured the pos-
session of the same from the defendant at his home during the year
of 1908, at the instance and request of one Sam Wasson for his,
Wasson's, use and benefit, and that said Kate Morris carried the
said pistol to her house and kept the same there until on or about
the time of December 25, 1909, and that the defendant went to the
house of said Kate Morris to get the said pistol to carry the same
home or to some place to have the same repaired, and that said de-
fendant did get the pistol at said place and time and was carrying
same home or to town to have it repaired, when it was taken off
his person, then you will find defendant not guilty.

"You are instructed herein that it is the law of this State that a
person has a legal right to carry any pistol from the place of pur-
chase to his home or to any place for having same repaired, and you
are further instructed that a person has a legal right to go to any
private residence or other place and get any pistol that belongs to
him and take the same home without violating the law."

This was refused and exception was reserved. We are of opinion
that the court sufficiently charges the law applicable to the case,
under the authority of Stilly v. State, 27 Texas Crim. App., 445;
Ratigan v. State, 33 Texas Crim. Rep., 301, and Brent v. State, 57
Texas Crim. Rep., 411, 123 S. W. Rep., 593. That appellant had
the right to go to the house of the deceased Wasson and get his
pistol, and if it was out of repair carry it to some convenient gun-
smith and have it repaired, is not to be questioned under our deci-
sions, and as we understand the charge of the court the jury were
so instructed, but this would not give him the right to turn aside
from his journey and purpose, go to the private residence of other
parties and invade their premises and exhibit his pistol, under the
authorities above cited. And if the jury believed the State's case,

that he went to the home of Wasson, where they were drinking, and exhibited his pistol or had it on the premises, they were authorized to return the verdict which they did return. The charge of the court, while not happily expressed, fairly submits this matter, and it was not necessary to give the charge requested by appellant.

2. There is another bill of exceptions in the record to the remarks of the county attorney. The bill narrates that Mr. Strong, county attorney, in his closing argument, made use of the following language: "The defendant's counsel ask why I did not bring witnesses here in this court and contradict or impeach the defendant. I will tell you what I will do, gentlemen of the jury; I am willing to make an issue of the defendant's character and reputation and I will show to you what it is, and no one knows it better than the defendant himself, and his counsel, who have been defending him in the courts for many years for violations of the law." The grounds of objection urged were that there was no testimony pertaining to the impeachment of the bad reputation or character of the defendant; that these remarks were uncalled for, and were not made in comment upon any testimony introduced and were highly prejudicial. The court approves the bill with the following qualification: "Counsel for defendant in his argument to the jury commented on the State not bringing witnesses to contradict or impeach defendant. County attorney in reply said defendant well knows that the State can not put defendant's reputation in issue before the jury, though I am willing, gentlemen of the jury, to make an issue of defendant's character and reputation, and I will show to you what it is. No one knows it better than defendant himself." The bill was accepted with this qualification, and as qualified we are of opinion there was no such error in the remarks of the county attorney as requires us to reverse the judgment. The remarks of the county attorney were in reply to appellant's suggestion that the State did not bring witnesses to impeach appellant's reputation or character. Having brought this matter out in argument for the defendant, it occurs to us that the matter had been opened up by appellant and that the county attorney's answering remarks were not sufficiently erroneous to require a reversal. Had it not been alluded to and commented on in argument for appellant, the remarks of the county attorney would have been clearly out of place. We are, therefore, of opinion that we are not required to reverse for this reason.

3. We have sufficiently stated the evidence to show that under the State's view of the matter, and perhaps under the defendant's, the verdict of the jury is justified by the evidence. Appellant had the right, if his pistol was out of repair, to take it to some convenient place and have it repaired, but he violated the law when he went on the private premises of the people where the trouble occurred and where the disturbance was in vogue, and where he exhibited the pistol. He had no right on the place with his pistol, and under the

authorities above cited we are of opinion that he was in violation of our statute.

Finding no reversible error in the record, the judgment is affirmed.
*Affirmed.*