**Willie CAMPBELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45835.**

Court of Criminal Appeals of Texas.

April 11, 1973.

Rehearing Denied May 1, 1973.

Robert M. Jones, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted of possession of heroin; punishment was assessed at 45 years' confinement.

Seven grounds of error are alleged on appeal. Initially, appellant argues that reversible error was committed during the prosecutor's closing argument. The State told the jury:

"* * * I am not saying that Officer Kavanaugh loved this man because we know that Officer Kavanaugh knew him to be a pusher of heroin. Well, I wouldn't love him either—I mean, I couldn't tell him I love him because we know what that does to families across this country and nobody can be happy about that. But, I will tell you what I think I am going—I know Mr. Kavanaugh knew Willie [Appellant] well enough, I thought Mr. Jones [Defense Counsel] knew him well enough.

"MR. JONES: I object to who I knew or what I knew. I know the man, that's right, but I object to any testimony from Mr. Loving about how well I know him.

"THE COURT: He has a right to make arguments. Mr. Jones sit down."

Appellant's argument is that the "inescapable conclusion" to be drawn from the prosecutor's statement is that appellant's counsel personally knew him to be guilty. This specific objection of unsworn testimony was not voiced at the trial. See Myers v. State, 473 S.W.2d 22 (1973). Further, appellant obtained no ruling on his general objection and sought no instruction to disregard the prosecutor's statement. No error is presented.

In his second ground, appellant again challenges the propriety of the State's jury argument. The portion of the record in question reads as follows:

"* * * You were told out here that the penalty was up to life. That includes the poor souls that are sold down the drain by the people that make the profit off of the stuff. But in a case like this there is no question in anybody's mind. A sentence of life in prison and, of course, as the Court had told you, we can't discuss together how long he will be off of our streets, but I would assure you it is not long enough for me.

"MR. JONES: I object it is a clear comment in violation of the Court's charge.

"THE COURT: Counsel, I don't think you aught to talk about that because the jury has been instructed as part of their deliberations. I sustain the objection."

Appellant contends that these statements were calculated to inject the parole law into the jury's considerations. We disagree. A more reasonable conclusion is that the prosecutor's statement was a mere paraphrase of the court's charge, that the jurors were not to discuss how long appellant would be required to serve any sentence. Sandlin v. State, 477 S.W.2d 870 (Tex.Cr.App.1972). Appellant's objection at trial was, in fact, sustained and an instruction to disregard was granted. The State's comment was not of such a prejudicial nature that it could not be cured.

Admittedly the sidebar comment of the prosecutor as to his personal feelings on the matter might well have brought an objection, but that matter is not before us.

Appellant next argues that error was committed when he was denied his effective right of cross-examination of Officer Kavanaugh, the arresting officer. Out of the presence of the jury, Kavanaugh testified that on the day in question, he received information from a reliable, confidential informant that appellant was at that time selling heroin out of an automobile. The police officer began looking for appellant and approximately one hour after receiving the tip from the informer, he located appellant's automobile. He asked for a driver's license from the operator of the vehicle (appellant was on the passenger's side of the front seat), but the driver informed him that he had neither a driver's license nor any other identification. The occupants of the automobile were ordered out of the vehicle; as appellant started to exit, the arresting police officer observed him throw something to the ground. The object was recovered and was found to be a plastic vial containing 65 "caps" of heroin.

Appellant's contention that he was entitled to inquire, directly or indirectly, as to the identity of the informer, is without merit. This Court has only recently dealt with the issue of disclosure, and the present case does not begin to come within the ambit of such a holding. See James v. State, 493 S.W.2d 201 (1973). See also, Weeks v. State, 476 S.W.2d 310, 316 (Tex.Cr.App.1972).

Appellant next advances the argument that the heroin recovered was the result of an illegal search and arrest. As previously stated, the arresting officer saw appellant throw the heroin out of the vehicle. The seizure of the heroin under such facts was lawful. Weeks v. State, supra; Johnson v. State, 481 S.W.2d 864 (Tex.Cr. App.1972).

Appellant voices a complaint that the trial court erred in denying his requested jury charge on the issue of the legality of the arrest and search. We have already set out the facts surrounding appellant's arrest and the recovery of the heroin; no disputed fact issue was raised by the evidence on the question of probable cause. Appellant contends that the evidence raised the issue of Officer Kavanaugh having a grudge against appellant, and that, therefore, the question of the legality of the search and arrest should have been submitted to the jury. We disagree, and conclude that the requested charge was a matter of law rather than fact. Black v. State, Tex.Cr.App., 491 S.W.2d 428 (1973).

Appellant's fifth ground concerns the admission into evidence of several statements to the effect that appellant was a seller of heroin. Appellant argues on appeal that these statements charged him with an extraneous offense. At trial, a witness called by the defense testified in an attempt to show that the arresting officer had a personal grudge against appellant. On cross-examination, he was asked:

"Q So, then, I take it you wouldn't have any personal knowledge as to whether or not he was selling or possessing *heroin* on that date or not?

"A No."

No objection was voiced, and no error is now presented.

Lastly, appellant articulates a complaint, again attacking certain testimony by Officer Kavanaugh. Appellant states in his brief that these statements showed an extraneous offense. Defense counsel was attempting to show a prior confrontation between appellant and the arresting officer, Kavanaugh, to substantiate his defense that Kavanaugh held a personal grudge against him. Apparently, at an earlier date, Kavanaugh had arrested appellant in a bar for disorderly conduct.

■ At the present trial, appellant testified he neither used nor sold heroin. Thus, when defense counsel opened up the prior meeting between appellant and Kavanaugh, the State, on cross-examination, responded as follows:

"Q Did he make a statement of that nature to you at any time?

"A Yes. That particular night when we arrested him for disorderly conduct, he was talking about his arm hurting him."

   *   *   *   *   *   *

"Q How soon after you entered did he make this statement?

"A Immediately after, he was complaining about one of his arms hurting him.

"Q And what did he say in that regard?

"A I asked him what was the matter with his arm and he said he had been in the hospital.

"Q What for?

"A He said he was well known. He said he was an addict and he had been shooting seconals commonly called red birds and said he had been in the hospital trying to kick that.

"Q All right. He admitted he was an addict then?

"A Yes."

The objection voiced at trial was that such statements if made at all, were given by appellant while under arrest, without any Miranda warnings having been given. However, we are faced on appeal with the objection of "extraneous offense." Since the trial judge was never given an opportunity to rule on this objection, we decline to rule on it on appeal. Gondek v. State, 491 S.W.2d 676 (1973).

Finding no reversible error, the judgment is affirmed.