Ernest E. SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 47344.

Court of Criminal Appeals of Texas.

March 6, 1974.

Thomas N. Thurlow and Jonathan D. Brook, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Victor Pecorino, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The conviction is for murder without malice; the punishment, five years' imprisonment.

The judgment is reversed and the cause remanded because of improper jury argument by the prosecutor, objection to which was overruled by the trial court.

Appellant's counsel made the *general* statement to the jury that they "heard his boy testify that he (appellant) has lived a clean life for twenty-two years."[1] This did not open the door for the prosecutor's *specific* response, "I have evidence to the contrary." Stearn v. State, Tex.Cr.App., 487 S.W.2d 734. Then to compound the error the prosecutor proceeded to "testify" (although not under oath and subject to cross-examination) that:

> "In 1952 Mr. Smith was arrested when his wife was shot five times. This was in 1952. 1970, arrested in the 3100 block of Sumpter after leaving the scene of a shooting with the defendant in his vehicle. Does that indicate to you a clean life? I don't think so. And these are just the things we know about."

Such argument was clearly outside the record and improper. See e. g., Berryhill v. State, Tex.Cr.App., 501 S.W.2d 86; Renn v. State, Tex.Cr.App., 495 S.W.2d 922; Alejandro v. State, Tex.Cr.App., 493 S.W.2d 230; Stein v. State, Tex.Cr.App., 492 S.W.2d 548; Lott v. State, Tex.Cr.App., 490 S.W.2d 600; Stearn v. State, supra.

The State argues that the argument was invited. True there was an invitation to respond to the general statement, but the State went too far by "testifying" to the specific offenses. Cf. Jones v. State, Tex.

1. The record reflects that appellant's counsel asked the witness: "Other than this conviction that he received, allegedly for murder, twenty-two years ago, has he ever been convicted of any other felony or misdemeanor involving moral turpitude?" to which the witness replied: "No, sir, not that I know." The witness was then passed and the prosecutor announced "No questions."

Cr.App., 479 S.W.2d 307; Webber v. State, Tex.Cr.App., 472 S.W.2d 136.

We further note that should the State elect to retry appellant the jury should be given instructions on the defensive issue of action in the defense of another in addition to instructions on self-defense, should the evidence again raise both issues, as it did on the record before us.

The judgment is reversed and the cause remanded.