**Stanley Joe GARRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49766.**

Court of Criminal Appeals of Texas.

Oct. 15, 1975.

Rehearing Denied Nov. 12, 1975.

Leonard C. Kahn, Houston, for appellant.

Robert O. Smith, Dist. Atty., David Sheppard, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This case is before us pursuant to the grant of an out-of-time appeal by the Honorable Tom Blackwell, Judge of the 167th District Court of Travis County on May 30, 1974. On original submission, the appeal was dismissed in an opinion by Commissioner Dally on January 15, 1975 because of the absence from the record of any evidence justifying the grant of the out-of-time appeal. Subsequently, this Court received a supplemental transcript, and, pursuant to motions by appellant and the State, ordered the appeal reinstated on June 4, 1975. The venue in this case was changed from Hays to Travis County.

The appeal is from a conviction for murder with malice. Trial was before a jury and the jury assessed punishment at life. The offense took place on November 1, 1968 and the verdict of guilty was returned on October 16, 1969.

The evidence showed that appellant and his wife, the deceased, operated a restau-

rant in San Marcos and lived in a house trailer behind the restaurant. The couple was having marital difficulties and appellant had told deceased's mother that he was going to kill his wife, whereupon deceased's father came to the house trailer the next day and removed a .45 caliber pistol therefrom. Later that date, appellant purchased ammunition and a .22 caliber pistol.

On the night of the killing two days later, deceased and her cousin entered the house trailer where appellant was in an angry state of mind. Deceased's cousin testified she heard deceased cry "Don't, Joe" and then heard gunfire. She hastily left the house trailer.

Shortly thereafter, appellant admitted both to restaurant employees and to officers arriving on the scene that he had killed his wife. The defense relied heavily on an alleged affair the deceased was having with another restaurant employee.

Appellant complains of prejudicial unsworn hearsay testimony injected into the case by the prosecutor during final arguments before the jury at the punishment stage of the trial. The argument complained of went as follows:

"She [appellant's counsel] knew and he knew that we couldn't ask this Defendant, when they put him on the stand this morning, if it was not true that just two or three months before he executed Gloria Jean, that he had brought one of his ex-wives into their trailer in San Marcos, Texas, and forced Gloria Jean to entertain that ex-wife. . . ."

Appellant objected to the prosecutor's making up facts "that are not in evidence" and which were "outside of the record." The prosecutor contended that his argument had been invited and appellant's objection was overruled. The prosecutor continued:

"They knew that we could not ask him if it was not true that many times he had committed acts of adultery against Gloria Jean Garrison, and then bragged about it."

At this point, appellant obtained a running objection to the "testimony" of the prosecutor. The prosecutor argued further:

"They knew that we could not ask him if it was not true that time and time again, he had tried to molest young waitresses or young employees working at the cafe in San Marcos. They knew that we could not ask him if it wasn't true that on more than one occasion, he had tried to molest his own wife's first cousin, and she wanted you to believe that we couldn't ask anything bad about him when he took the witness stand. They knew when they put him on the stand.

\* \* \* \* \* \*

". . . and forced his wife to entertain her; if it wasn't true that he had committed adultery many times against his wife, and then bragged about it; if it wasn't true that he had even gone to Mexico with his father-in-law Paul Guerrero, and while in either Monterrey or Tampico, Mexico, having taken a strumpet out, came back and bragged to his own father-in-law how good it was; that we couldn't ask him if it wasn't true that time and time again, he had tried to molest young female employees of the cafe; that if it wasn't true that on more than one occasion, he had even tried to molest his wife's first cousin."

█ It has been suggested that appellant's objection was insufficient to preserve his ground of error on appeal. With this we cannot agree. A ground of error alleging prejudicial argument concerning extraneous offenses was held not to be before this Court when the objection at trial was that the prosecutor was "going behind the testimony of this witness other than the way it was presented." *Jackson v. State*, 516 S.W.2d 167 (Tex.Cr.App.1974). And a defense attorney's objection "to any testimony from [the prosecutor] about how well I know [the defendant]" was held to be insufficient to preserve the claim on appeal that the prosecutor's argument implied that defense counsel knew his client to be guilty.

*Campbell v. State,* 492 S.W.2d 956 (Tex.Cr. App.1973). The case of *Clayton v. State,* 502 S.W.2d 755 (Tex.Cr.App.1973) is instructive here. In that case, defense counsel made a very general objection to the prosecutor's argument that he knew in his heart that defendant was guilty. This Court held that the argument was grossly improper and that defendant's timely, though general, objection was sufficient to apprise the trial court of the alleged error.

The objections in *Jackson* and *Campbell* were too vague to apprise the trial judge of the error urged on appeal. In the case at hand, however, it is hard to see how counsel could have been much more specific in his first objection to the argument. And the error complained of was manifestly obvious as in *Clayton.* Counsel then insured that his objections ran to all subsequent prosecutorial arguments in that vein.

In its brief, the State admits that the prosecutor's argument was outside the record. Since appellant's objection was sufficient, the only question remaining is whether or not the argument was invited by the following argument made earlier by defense counsel:

> "Now, a few minutes ago, you saw Joe Garrison take the stand and swear that he had never committed a felony in this or any other state. That showed you that he was eligible for probation. You also saw Mr. Huttash and Mr. Barber sit here, and when the Judge asked them if they wanted to ask any questions or present any evidence, they said no.

> "Now, sometimes lawyers in the courtroom think this is routine and think everybody understands what was happening. In most cases, they don't, and I don't think you understood what was happening. *At that point, if the State knew anything about Joe Garrison that was bad, they would present it, and could have opened it and told you exactly why he should not be granted probation, what previous crimes he had committed. They said nothing."* (Emphasis added)

It is true that defense argument which goes outside the record will permit prosecutorial argument outside the record in response. *Reynolds v. State,* 505 S.W.2d 265 (Tex.Cr.App.1974). But the cases give little indication of the point at which prosecutorial argument exceeds the invitation of defense counsel's argument. However, a review of the case law suggests an emerging pattern.

In the case of *Pounds v. State,* 89 Tex. Cr.R. 273, 230 S.W. 683, 688 (1921), the defendant's counsel had argued that, if "defendant had *anything against him,* don't you know the district attorney would have brought it out" (emphasis added). This argument bears a strong similarity to defense counsel's argument in the case at hand. In *Pounds,* however, the prosecuting attorney contented himself with arguing merely that every lawyer knew that the State was precluded from introducing evidence of a defendant's bad reputation until the defendant himself put his reputation in issue. This Court held that his argument was invited by that of defense counsel. The prosecutor there did not recite specific instances of misconduct as was done in the instant case. To the same effect are the cases of *Manley v. State,* 69 Tex.Cr.R. 169, 153 S.W. 1138 (1913); *Roberts v. State,* 60 Tex.Cr.R. 111, 131 S.W. 321 (1910), and *Jones v. State,* 44 Tex.Cr.R. 405, 71 S.W. 962 (1903).

Similarly, in *Mays v. State,* 428 S.W.2d 325 (Tex.Cr.App.1968), the testimony showed that the defendant had never before been convicted of a felony and his attorney argued this fact in support of defendant's application for probation. The prosecutor responded:

> "Mr. Chitwood [defendant's attorney] has talked about what [the witness] said about a conviction without telling you what a conviction is. A conviction means a final conviction when the appeals are over which might take years."

The prosecutor refrained from reciting specific offenses that may not have been final convictions and this Court held that the

argument was a legitimate response to defense counsel's argument. See also *Allen v. State*, 513 S.W.2d 556 (Tex.Cr.App.1974).

The cases of *Seay v. State*, 395 S.W.2d 40 (Tex.Cr.App.1965) and *Smith v. State*, 506 S.W.2d 602 (Tex.Cr.App.1974) appear to control the situation at bar. In *Seay*, one of the defendant's lawyers argued to the jury as follows:

> "'* * * if he (the prosecutor) is fair with you, he will tell you, "We searched the life of this young man and *couldn't find anything against him*." And that is why they didn't try to show he had been convicted of a felony in Texas or some other state.' * * * 'just as undisputed, that this young man had lived a good life. *He has never been convicted, charged, arrested for anything, had any trouble whatsoever*, until this present unfortunate tragedy.'" (Emphasis added)

The argument in *Seay* resembled defense counsel's argument in the instant case in that both asserted that the prosecution was unaware of *anything* bad about the respective defendants. And as in the instant case, the prosecutor in *Seay* responded with a list of specific instances of misbehavior, including in that case a list of arrests, charges, and corresponding dates. In reversing Seay's conviction, a unanimous Court wrote:

> "True, appellant's counsel got outside of the record and made a statement not supported by the evidence, but we do not feel that his action in this respect licensed the prosecutor to go to the extreme ends that he did in replying. So far as we can determine, the error brought forward in this case is one of first impression in this state. We entertain no doubt that the prosecutor was given far greater latitude in replying than he was entitled to do. If the state is precluded from establishing by evidence specific prior offenses committed by an appellant or charged against an appellant in a case of this kind, and we readily agree that the state is prohibited from so doing, how then can the state

adduce such proof at the time of its argument to the jury, or argue such specific offenses or charges?"

And in *Smith v. State*, supra, appellant's counsel argued to the jury that they had "heard his boy testify that he (appellant) has lived a clean life for twenty-two years." The prosecutor responded with the statement, "I have evidence to the contrary" and again proceeded to list dates and places of two other offenses which were not final convictions. In reversing, a unanimous Court said, "True there was an invitation to respond to the general statement, but the State went too far by 'testifying' to the specific offenses."

█ It would appear, then, that the rule is that the State may respond in its argument to defense contentions that defendant has a good character, particularly when such argument by defense counsel is misleading (such as when counsel argues that defendant has no convictions); over-broad (such as when he argues that defendant has led a clean life); outside the record (such as when he contends that the evidence showed that defendant had no other arrests or charges); or an incorrect statement of the law (such as when he asserts that the prosecution didn't have anything bad to introduce against the defendant). But, in responding, the State cannot show specific misdeeds which it could not otherwise have gotten into evidence at all. Nor should the State exceed the bounds of defense counsel's invitation.

█ In the case at bar, defense counsel's argument was somewhat incorrect and misleading. Although the State could have put on witnesses to attest to appellant's bad reputation, it could not have elicited all of the specific misdeeds of which they were aware except in the form of "Have you heard" questions directed at character witnesses for the defendant, of which there were none. *Jones v. State*, 479 S.W.2d 307 (Tex.Cr.App.1972); *Webber v. State*, 472 S.W.2d 136 (Tex.Cr.App.1971). The prose-

cutor thus exceeded the limits of proper invited argument in recounting all of appellant's alleged misdeeds before the jury. The suggestion that the argument did not assert criminal misdeeds is neither convincing nor correct. Molesting and adultery were both crimes covered by the Penal Code. We cannot say with reasonable certainty that this new evidence did not affect the jury's decision in assessing appellant's life sentence. *Lott v. State,* 490 S.W.2d 600 (Tex.Cr.App.1973). The judgment must therefore be reversed.

In its brief the State contends that the prosecutor's remarks referred to questions he was precluded from asking, rather than to assertions of specific misdeeds *as facts.* We think the fair import of the argument was to assert acts of molesting, adultery, and other extramarital activities as facts. *Rodriquez v. State,* 520 S.W.2d 778 (Tex.Cr.App.1975). The State analogizes the prosecutor's remarks to "Have you heard" insinuations permissible in cross-examining defense character witnesses and cites *Webber v. State,* 472 S.W.2d 136 (Tex. Cr.App.1971). In discussing the permissible form of such questions, *Webber* makes it clear that "Have you heard" questions cannot assert *as facts* the alleged misdeeds inquired about. Yet in the case at hand, the prosecutor stated that, ". . . we could not ask this Defendant . . . if it was not true that . . . he had brought one of his ex-wives into their trailer . . . and forced Gloria Jean to entertain that ex-wife . . . ." This statement can be translated, "Isn't it true that . . ." and asserts the alleged misdeed as a fact. It is therefore objectionable under the reasoning involved in the *Webber* line of cases.

For the reasons discussed, the judgment is reversed and the cause remanded.

DOUGLAS, Judge (concurring in part and dissenting in part).

I concur only in the result reached. I dissent to the dictum.

If defense counsel goes outside the record and invites a reply, the prosecutor should be able to answer outside the record. If the prosecutor has to argue only what has been introduced in evidence, then the majority is abolishing the doctrine of invited argument. It has always been the rule that a prosecutor may make reasonable deductions from and argue the evidence. Apparently, from the tenor of the majority opinion, the new rule about invited argument is that the prosecutor is only invited to discuss what he has always had a right to argue—the evidence in the case.

Now a prosecutor cannot answer specific false statements or impressions which are outside the record. This ruling in connection with the recent holding of the majority of the Court that statements of defense counsel are taken as true unless refuted leave the prosecution in a dilemma. See the dissenting opinion in *Hicks v. State,* 525 S.W.2d 177 (Tex.Cr.App.1975).