# NO. 12-09-00264-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLAUDE RAY TURNER,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Claude Ray Turner appeals his conviction for possession of a controlled substance with intent to deliver.   In one issue, Appellant argues the trial court erred by allowing the State to make an improper jury argument during its closing argument.   We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of a controlled substance with intent to deliver.   Appellant pleaded not guilty.   Appellant's case was tried before a jury.   The jury found Appellant guilty of the charged offense.   After finding two enhancement paragraphs to be true, the jury assessed Appellant's punishment at life imprisonment.   This appeal followed.

### IMPROPER JURY ARGUMENT

In his sole issue, Appellant asserts that the trial court erred by allowing the State to make an improper jury argument during its closing argument.   According to Appellant, the State's improper argument involved injecting facts not in evidence into the case.   Specifically, Appellant

complains that the State's argument injected into the case that a witness to the drug transaction which resulted in Appellant's arrest was searched by police, that the police did not find drugs in the witness's possession, and that the police did not arrest the witness.

## Standard of Review and Applicable Law

We review a claim of improper jury argument for an abuse of discretion. *See Horace v. State*, No. 05-08-01069-CR, 2010 WL 670129, at *5 (Tex. App.—Dallas Feb. 26, 2010, no pet.) (not designated for publication). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). Further, the trial court's decision will be upheld on appeal if it is correct on any theory of law applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). This principle holds true even where the trial court has given an erroneous legal reason for its decision. *Id.*

Proper jury argument includes four areas: (1) summation of the evidence presented at trial, (2) reasonable deduction drawn from that evidence, (3) answer to the opposing counsel's argument, or (4) a plea for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). "[A] prosecutor may not use closing argument to get evidence before the jury which is outside the record and prejudicial to the accused." *Borjan v. State*, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990). "[D]efense argument which goes outside the record will permit prosecutorial argument outside the record in response." *Garrison v. State*, 528 S.W.2d 837, 840 (Tex. Crim. App. 1975). However, the State may not exceed the limits of the defendant's invitation. *See id.* at 840-42.

Improper jury argument is nonconstitutional error. *State v. Dudley*, 223 S.W.3d 717, 728 (Tex. App.–Tyler 2007, no pet.). Such error is subject to a harm analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b). Under rule 44.2(b), error "that does not affect substantial rights must be disregarded." *Id.* Any resultant harm from improper jury argument is cured if the same facts are referenced by other, unchallenged argument to the jury. *See Lucero v. State*, 246 S.W.3d 86, 102 (Tex. Crim. App. 2008).

A defendant's "right" not to be subjected to improper jury argument "is one of those rights that is forfeited by a failure to insist upon it." *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Error involving forfeitable rights is governed by Texas Rule of Appellate

Procedure 33.1.  ***Mendez v. State***, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) (unanimous opinion).   Rule 33.1 reads, in pertinent part, as follows:

> As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> (1) the complaint was made to the trial court by a timely request, objection, or motion that:
>
>> (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
>>
>> (B) complied with the requirements of the [Texas Rules of Evidence] or the Texas Rules of Civil or Appellate Procedure; and
>
> (2) the trial court:
>
>> (A)  ruled on the request, objection, or motion, either expressly or implicitly; or
>>
>> (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).   Error involving forfeitable rights is not preserved for appellate review unless the requirements of rule 33.1 are met.  ***Mendez***, 138 S.W.3d at 342.

**Discussion**

Appellant complains that the State improperly injected into the case the fact that, when searched, the witness, known as Curtis, was not found to be in possession of drugs.   However, Appellant failed to object to the State's subsequent reference to the fact that Curtis was not in possession of any drugs at the time of the search.   Thus, any harm from this portion of the State's jury argument was cured by the subsequent reference.[1]  *See **Lucero***, 246 S.W.3d at 102; *see also* TEX. R. APP. P. 44.2(b).

Appellant also complains that the State improperly injected into the case the fact that Curtis was not arrested by the police.   However, Appellant did not object to this argument, and therefore has failed to preserve this complaint for appellate review.   *See* TEX. R. APP. P. 33.1(a); ***Cockrell***, 933 S.W.2d at 89.

---

[1] We do not address whether any argument by the State was improper.

3

## DISPOSITION

For the foregoing reasons, we overrule Appellant's sole issue and *affirm* the trial court's judgment.


**SAM GRIFFITH**
Justice


Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)