NO.
12-09-00264-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

CLAUDE
RAY TURNER,                                 '                 APPEAL FROM THE 241ST

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

            Claude
Ray Turner appeals his conviction for possession of a controlled substance with
intent to deliver.  In one issue, Appellant argues the trial court erred by
allowing the State to make an improper jury argument during its closing
argument.  We affirm.

 

Background

            Appellant
was charged by indictment with possession of a controlled substance with intent
to deliver.  Appellant pleaded not guilty.  Appellant’s case was tried before a
jury.  The jury found Appellant guilty of the charged offense.  After finding
two enhancement paragraphs to be true, the jury assessed Appellant’s punishment
at life imprisonment.  This appeal followed. 

 

Improper Jury Argument

            In his sole issue, Appellant asserts that the trial
court erred by allowing the State to make an improper jury argument during its
closing argument.  According to Appellant, the State’s improper argument
involved injecting facts not in evidence into the case.  Specifically,
Appellant complains that the State’s argument injected into the case that a
witness to the drug transaction which resulted in Appellant’s arrest was
searched by police, that the police did not find drugs in the witness’s
possession, and that the police did not arrest the witness.

Standard of Review and Applicable Law

            We review a claim of improper jury argument for an
abuse of discretion.  See Horace v. State, No. 05-08-01069-CR, 2010
WL 670129, at *5 (Tex. App.—Dallas Feb. 26, 2010, no pet.) (not designated for
publication).  A trial court does not abuse its discretion when its decision is
within the zone of reasonable disagreement.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  Further, the trial
court’s decision will be upheld on appeal if it is correct on any theory of law
applicable to the case.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).  This principle holds true even where the trial court
has given an erroneous legal reason for its decision.  Id.

            Proper jury argument includes four areas: (1)
summation of the evidence presented at trial, (2) reasonable deduction drawn
from that evidence, (3) answer to the opposing counsel’s argument, or (4) a
plea for law enforcement.  Jackson v. State, 17 S.W.3d 664, 673
(Tex. Crim. App. 2000).  “[A] prosecutor may not use closing argument to get
evidence before the jury which is outside the record and prejudicial to the
accused.”  Borjan v. State, 787 S.W.2d 53, 57 (Tex. Crim. App.
1990).  “[D]efense argument which goes outside the record will permit
prosecutorial argument outside the record in response.”  Garrison v.
State, 528 S.W.2d 837, 840 (Tex. Crim. App. 1975).  However, the State
may not exceed the limits of the defendant’s invitation.  See id. at
840-42.

            Improper jury argument is nonconstitutional error.  State
v. Dudley, 223 S.W.3d 717, 728 (Tex. App.–Tyler 2007, no pet.).  Such
error is subject to a harm analysis under rule 44.2(b) of the Texas Rules of
Appellate Procedure.  Tex. R. App. P.
44.2(b).  Under rule 44.2(b), error “that does not affect substantial rights
must be disregarded.”  Id.  Any resultant harm from improper jury
argument is cured if the same facts are referenced by other, unchallenged
argument to the jury. See Lucero v. State, 246 S.W.3d 86, 102
(Tex. Crim. App. 2008).

            A defendant’s “right” not to be subjected to improper
jury argument “is one of those rights that is forfeited by a failure to insist
upon it.”  See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996).  Error involving forfeitable rights is governed by Texas Rule of
Appellate Procedure 33.1.  Mendez v. State, 138 S.W.3d 334, 342
(Tex. Crim. App. 2004) (unanimous opinion).  Rule 33.1 reads, in pertinent
part, as follows:

 

 

As a
prerequisite to presenting a complaint for appellate review, the record must
show that:

 

                (1)
the complaint was made to the trial court by a timely request, objection, or
motion that: 

 

(A) stated the
grounds for the ruling that the complaining party sought from the trial court
with sufficient specificity to make the trial court aware of the complaint,
unless the specific grounds were apparent from the context; and

 

(B) complied
with the requirements of the [Texas Rules of Evidence] or the Texas Rules of
Civil or Appellate Procedure; and 

 

                (2)
the trial court: 

 

(A)   
ruled
on the request, objection, or motion, either expressly or implicitly; or

 

(B) refused to
rule on the request, objection, or motion, and the complaining party objected
to the refusal.

 

 

Tex. R. App. P. 33.1(a).  Error
involving forfeitable rights is not preserved for appellate review unless the
requirements of rule 33.1 are met.  Mendez, 138 S.W.3d at 342.

Discussion

            Appellant complains that the State improperly injected
into the case the fact that, when searched, the witness, known as Curtis, was
not found to be in possession of drugs.  However, Appellant failed to object to
the State’s subsequent reference to the fact that Curtis was not in possession
of any drugs at the time of the search.  Thus, any harm from this portion of
the State’s jury argument was cured by the subsequent reference.[1]  See Lucero,
246 S.W.3d at 102; see also Tex.
R. App. P. 44.2(b).

            Appellant also complains that the State improperly
injected into the case the fact that Curtis was not arrested by the police. 
However, Appellant did not object to this argument, and therefore has failed to
preserve this complaint for appellate review.  See Tex. R. App. P. 33.1(a); Cockrell,
933 S.W.2d at 89.

 

Disposition

            For
the foregoing reasons, we overrule Appellant’s sole issue and affirm the
trial court’s judgment.

            

 

                                                                                                Sam Griffith                                                                                                    
                                    Justice

 

 

 

 

Opinion delivered June 30, 2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












                        [1] We do not address
whether any argument by the State was improper.